

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-15-2009

# Emerson Elder v. NJ Transit Corp

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-2339

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Emerson Elder v. NJ Transit Corp" (2009). *2009 Decisions.* Paper 657.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/657

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2339
_____

EMERSON ELDER,
                              Appellant
vs.

NEW JERSEY TRANSIT CORP.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil No. 01-cv-04415)
District Judge:  Honorable Joseph A. Greenaway
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 31, 2009
Before:  SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges

(Opinion filed: September 15, 2009)

_____

OPINION
_____

PER CURIAM.

Emerson Elder, proceeding pro se, appeals an order of the United States

District Court for the District of New Jersey denying a post-judgment motion related to

his employment discrimination action. We will affirm.

Elder filed an employment discrimination action against New Jersey Transit Corp. claiming that he was not hired as a result of religious discrimination and in retaliation for his previous legal actions against the company. The District Court granted summary judgment for New Jersey Transit in an order entered March 23, 2004, and we affirmed the District Court's order.

On October 4, 2005, Elder filed a motion for reconsideration, which the District Court treated as filed pursuant to Federal Rule of Civil Procedure 60(b) and Local Civil Rule 7.1, and denied as untimely and without merit. On March 17, 2008, Elder filed a motion for a new hearing, which the District Court treated as filed pursuant to Rules 59(e) and 60(b), and also denied as untimely and without merit. Elder unsuccessfully sought reconsideration of the denial of his March 17, 2008, motion.

On November 12, 2008, Elder filed yet another post-judgment motion challenging the District Court's March 23, 2004, order. The District Court treated the motion as filed pursuant to Rules 59(e) or 60(b) and found the motion untimely and without merit. This appeal followed.

The District Court did not abuse its discretion in denying Elder's post-judgment motion. Elder asserted an alleged conflict of interest between his appointed counsel and New Jersey Transit and its counsel. We agree with the District Court that Elder's motion was untimely under Rule 59(e) because it was filed more than 10 days

2

after the entry of the order granting summary judgment, see Fed. R. Civ. P. 59(e), and untimely under Rule 60(b) because the motion was not filed within a reasonable time. See Fed. R. Civ. P. 60(c).  Moreover, Elder's motion repeated assertions that he had made in his previous post-judgment motions, which the District Court had denied.[1]

Accordingly, because this appeal does not present a substantial question, we will summarily affirm the District Court's order.

---

[1] To the extent Elder seeks to appeal the denials of his earlier post-judgment motions, he did not timely appeal the District Court's orders and we lack jurisdiction to review them.

3